**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CONNORS & CO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | NO. 1:08-CV-2744-JOF |
| | ) | |
| McKINLEY CAPITAL | ) | |
| MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF CONNORS & CO.'S MEMORANDUM**
**OF LAW IN REPLY IN SUPPORT OF ITS**
**<u>CROSS-MOTION TO CONFIRM THE ARBITRATION AWARD</u>**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................... 1

ARGUMENT ........................................................................................ 2

I.   THE ARBITRATION AWARD SHOULD BE CONFIRMED ................... 2

II.  THE PANEL DID NOT IMPROPERLY EXCLUDE EVIDENCE............ 3

III. THE PANEL DID NOT EXCEED ITS POWERS OR
     MANIFESTLY DISREGARD THE LAW IN ISSUING AN
     AWARD TO CONNORS.............................................................. 5

III. THE PANEL DID NOT EXCEED ITS POWERS BY
     DETERMINING  A PREVAILING PARTY ............................................ 11

CONCLUSION ................................................................................... 12

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Bisnoff v. King*,
   154 F. Supp. 2d 630, 635 (S.D.N.Y. 2001) ........................................8

*Commc'n Consultant, Inc. v. Nextel Commc'n of the Mid-Atlantic, Inc.*,
   146 Fed. Appx. 550 (3d Cir. 2005) ....................................................2

*Davis v. Prudential Sec., Inc.*,
   59 F.3d 1186 (11th Cir. 1995) ..............................................2, 11, 12

*Forsythe International v. Gibbs Oil Co. of Texas*,
   915 F.2d 1017 (5th Cir. 1990) ............................................................4

*Frazier v. Citifinancial Corp.*,
   604 F.3d 1313 (11th Cir. 2010) .........................................................7

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ...........................................................................7

*International Associate of Machinists & Aerospace Workers, District 776 v. Texas Steel Co.*,
   639 F.2d 279 (5th Cir. 1981) ...........................................................10

*Robbins v. Day*,
   954 F.2d 679 (11th Cir. 1992) ......................................................4, 7

*Rosensweig v. Morgan Stanley*,
   494 F.3d 1328 (11th Cir. 2007) .....................................................2, 4

*Stolt-Nielsen v. AnimalFeeds International, Corp.*,
   130 S.Ct. 1758 (2010) ...................................................................5, 6

*Terminex International Co. v. Palmer Ranch Ltd. P'Ship*,
   432 F.3d 1327 (11th Cir. 2005) .........................................................9

## STATE CASES

## TABLE OF AUTHORITIES
(continued)

**Page**

*ABCO Builders, Inc. v. Progressive Plumbing, Inc.*,
 647 S.E.2d 574 (Ga. 2007) ...................................................................8

*America's Home Place, Inc. v. Cassidy et al.*,
 687 S.E.2d 254 (Ga. Ct. App. 2009)......................................................8

*Hunnicutt v. Ga. Power Co.*,
 309 S.E.2d 862 (Ga. Ct. App. 1983)......................................................4

*Munoz v. Amer. Lawyer Media, L.P.*,
 512 S.E.2d 347 (Ga. Ct. App. 1999)......................................................4

## FEDERAL STATUTES

9 U.S.C. § 1, *et seq.*...................................................................................2

Plaintiff Connors & Co. submits the following memorandum in reply in support of its cross-motion to confirm the arbitration award.

## PRELIMINARY STATEMENT

Though protesting throughout that it is not trying to rehash the merits of the underlying case, McKinley Capital Management, Inc.'s ("McKinley") opposition to Connors & Co.'s ("Connors") cross-motion to confirm the arbitration award does just that.  In the end, however, McKinley cannot escape the fact that *none* of the grounds for vacatur of an arbitration award have been met, and the $5,097,296 award in favor of Connors – awarded by a panel of the American Arbitration Association (the "Panel") on March 25, 2011 – should be confirmed as a result.  The Panel acted properly and within its power in issuing the award, and McKinley has not come close to meeting its high burden to show otherwise.  McKinley agreed to arbitrate this dispute with Connors and in doing so implicitly and expressly agreed to abide by whatever decision the Panel rendered.  Unfortunately for McKinley, it cannot now undo that agreement (and get away scot-free with its multiple breaches of contract) because it did not like the result of the Panel's award.  The award of the Panel should be confirmed.

## ARGUMENT

## I.     THE ARBITRATION AWARD SHOULD BE CONFIRMED

It is presumed that arbitration awards will be confirmed.  *See Rosensweig v. Morgan Stanley*, 494 F.3d 1328, 1333 (11th Cir. 2007); *Davis v. Prudential Sec., Inc.*, 59 F.3d 1186, 1190 (11th Cir. 1995).  Judicial review of arbitration awards, moreover, is extremely limited.  *Davis*, 59 F.3d at 1190.  The language of the Federal Arbitration Act (the "FAA") is clear.  An arbitration award "*must*" be confirmed unless one of the grounds for vacatur (corruption or fraud, partiality, misconduct or overstepping of arbitrators) has been met.  9 U.S.C. § 10.  "Vacatur is appropriate only in 'exceedingly narrow' circumstances." *Commc'n Consultant, Inc. v. Nextel Commc'n of the Mid-Atlantic, Inc.*, 146 Fed. Appx. 550, 552 (3d Cir. 2005).

While the above standard of review is well-settled in jurisprudence – in the Eleventh Circuit and every other federal circuit – it appears to have been lost on McKinley, which seems convinced that an award may be vacated because McKinley, had it been the arbiter here, would have decided differently, or because

- 2 -

McKinley thinks it should have won.  McKinley attempts to find some semblance

of a ground for vacatur, but fails, and as a result the award must be confirmed.[1]

## II.    THE PANEL DID NOT IMPROPERLY EXCLUDE EVIDENCE

McKinley's first argument is that the Panel improperly excluded evidence.

McKinley, however, ignores that (1) as set forth in Connors' prior brief, McKinley

submitted on multiple occasions the very evidence it now claims was excluded,

and (2) arbitrators are granted broad discretion in the  manner in which they

receive evidence.

The evidence at issue is the proposed "expert" testimony of Charles O'Kelly

– a professor of law – that McKinley sought to introduce to explain the law to the

Panel.  The obvious flaw here, is that it is the *arbitrators* who are charged with

interpreting the law.  Introducing an "expert" to do the same necessarily usurps

---

[1] Connors maintains that McKinley is barred from attacking the arbitration award, pursuant to paragraph 11 of the Arbitration Agreement, which provides that the award of the Panel will be final and that each of the parties "waives to the fullest extent permitted by law any right it may otherwise have under the laws of any jurisdiction to any form of appeal of or collateral attack against any such determination or award made by the arbitration panel."  McKinley argues that by moving to confirm the award Connors mooted its argument that McKinley had no right to attack the award.  McKinley Opposition at 1.  McKinley is wrong.  The arbitration agreement bars McKinley from attacking the award.  Had McKinley not moved to vacate the award in breach of the Arbitration Agreement, then Connors could have moved to confirm the award and, absent an improper attack from McKinley, the arbitration award would have been confirmed *as both parties intended when signing the Arbitration Agreement.*

their role and defeats their purpose.  Thus, Mr. O'Kelley, as a witness, was

properly excluded because his proposed "opinion" was nothing more than a legal

brief with citation to cases and statutes, which McKinley's counsel could have –

and indeed did – submit on its own on multiple occasions.  McKinley's counsel, as

licensed and practicing attorneys are presumably capable of making legal

arguments and citing to authority, just as Mr. O'Kelley did; Mr. O'Kelley's report

offered nothing more.[2]

      Further, the alleged exclusion of evidence is not a sufficient basis for vacatur

unless the exclusion is so egregious as to deprive the party of a fair hearing.

*Forsythe Int'l v. Gibbs Oil Co. of Texas*, 915 F.2d 1017, 1023 (5th Cir. 1990);

*Rosensweig*, 494 F.3d at 1333 (citing *Scott v. Prudential Sec., Inc.,* 1141 F.3d

1007, 1017 (11th Cir. 1998)).  All that is required is that a party be given the

opportunity to present its arguments and evidence.  *Robbins v. Day*, 954 F.2d 679,

685 (11th Cir. 1992).  McKinley was given the opportunity to present evidence, it

was unable to overcome Connors' objection, and then it was still able to – at the

Panel's invitation – present the substance of the "excluded" evidence on multiple

occasions – in pre-hearing briefs, opening statements, and summation, among

---

[2] Proposed "expert" testimony that offers legal argument and nothing more, is
properly excluded.  *See, e.g., Munoz v. Amer. Lawyer Media, L.P.*, 512 S.E.2d 347,
352 (Ga. Ct. App. 1999); *Hunnicutt v. Ga. Power Co.*, 309 S.E.2d 862, 865 (Ga.
Ct. App. 1983).

others.  In its opposition, McKinley attempts to draw a distinction between

"evidence" and "argument", but in doing so, McKinley conveniently ignores, of

course, that the evidence at issue here was itself no more than pure legal argument.

McKinley was not deprived of a fair hearing, based on the exclusion of the

proffered O'Kelley legal opinion.

## III.   THE PANEL DID NOT EXCEED ITS POWERS OR MANIFESTLY DISREGARD THE LAW IN ISSUING AN AWARD TO CONNORS

McKinley argues that the Panel exceeded its powers by rendering an award

to Connors, "a non existent corporation".  In so doing, McKinley tries to sneak

manifest disregard of the law into the FAA as a grounds for vacatur, while

simultaneously proving Connors' point and demonstrating why the award to

Connors was proper.

McKinley argues that the Panel members erred by "imposing their own view

of policy" on the issue of Connors' corporate status and that this was an improper

"usurpation" of power by the Panel.  McKinley has framed its argument here as

one of the Panel choosing to impose its own sense of public policy above the law –

instead of one of the Panel agreeing with one party over another – in a weak

attempt to analogize this case to *Stolt-Nielsen v. AnimalFeeds Int'l, Corp.*, 130 S.

Ct. 1758 (2010).  *Stolt-Nielsen*, however, is distinguishable.  In *Stolt-Neilsen*, the

arbitration panel was considering whether a particular arbitration clause allowed

for class actions.  Both parties admitted that their agreement was silent as to whether class actions were permissible.  The arbitration panel, rather than considering legal argument, allowed a class action because of its own policy preference – that this was so was clear from the record.  As Justice Alito said in his decision, "[t]he conclusion is inescapable that the panel simply imposed its own conception of sound policy."  *Id*. at 1769.  This conclusion was supported by the fact that one of the parties had made a pure public policy argument to the panel. *Id*. at 1768.

Here, however, the Panel was presented with legal and factual arguments from both sides, and chose to agree with Plaintiffs.  This was not a policy issue, this was based on the facts of the case and applicable law, as presented to the Panel.  There is no evidence in the record that the Panel was making a broad public policy decision as in *Stolt-Nielson*, and there is nothing in the award (which was not a reasoned award) to support that the award was an attempt by the Panel to craft policy.[3]   Moreover, unlike in *Stolt-Nielson*, no party here urged the Panel to

---

[3] McKinley claims that the award here must have been a matter of policy and not an "equitable remedy" because "any award must be 'in writing'" pursuant to AAA Rule 42, and an equitable remedy cannot be inferred by the Panel's silence. McKinley Opposition at 14.  However, the opposite is also true.  McKinley cannot infer from the Panel's silence that the Panel's decision was based on its sense of public policy when there is not a single iota of evidence in the record of any party making a public policy argument on this issue, or any arbitrator entertaining one.

craft remedies based on issues of public policy – this was pure legal argument and Connors won.  No matter how hard McKinley tries to reframe the decision here and recraft its argument – and no matter how many times it sprinkles the word "policy" throughout its papers – this decision was not in any way the Panel setting broad public policies.  Apparently, McKinley's true argument here is that the Panel disregarded the law and the fact remains that manifest disregard of the law is not a proper grounds for vacatur in this circuit.  *See Frazier v. Citifinancial Corp.*, 604 F.3d 1313, 1324 (11th Cir. 2010).  McKinley's attempt here must fail.

But even if an argument based on manifest disregard of the law were properly entertained by the Court, and because McKinley also argues for vacutur on this ground under the Georgia Arbitration Code (the "GAC"), we discuss that ground *infra*.[4]

---

*Robbins v. Day*, 954 F.2d 679, 684 (11th Cir. 1992) ("silence cannot be used to infer grounds for vacating the award").  Moreover, McKinley's reference to AAA Rule 42 is irrelevant.  Rule 42 simply requires that the award of the Panel be "in writing and signed by a majority of the arbitrators" and provides that the Panel need not render a reasoned award unless the parties so request or the arbitrator thinks it's appropriate.  The rule in no way forecloses consideration of equitable defenses.

[4] Connors maintains that that the GAC does not apply here because the Arbitration Agreements makes no mention of the GAC and does not contain any Georgia choice of law provision.  The only connection between Georgia and this case is that this is where Connors originally filed suit – before arbitration commenced or was legally or contractually required – and this is where McKinley moved to vacate the award – though under the Arbitration Agreement a motion to confirm

Manifest disregard of the law requires more than a mere showing that the arbitrators made a legal mistake, rather, the "disregard must be both evident and intentional." *America's Home Place, Inc. v. Cassidy et al.*, 687 S.E.2d 254, 256 (Ga. Ct. App. 2009). Manifest disregard of the law is an "extremely difficult" showing to make and requires no less than "concrete evidence that the arbitration panel purposefully intended to disregard applicable law." *ABCO Builders, Inc. v. Progressive Plumbing, Inc.*, 647 S.E.2d 574, 575 (Ga. 2007). It is not "nearly" sufficient that the reviewing court – or a party for that matter – would have decided the issue differently. *Id.*

There is absolutely no evidence in the record whatsoever that the Panel disregarded the law and McKinley has failed to point to any. Instead, McKinley clings to one remark by Connors' counsel in the final minutes of the hearing,

---

could have been filed in any court of competent jurisdiction (motions to vacate are disallowed). McKinley cannot pick and choose from whatever state code suits it best in a desperate attempt to find something that sticks. McKinley argues that the GAC applies because the FAA does not preempt state arbitration rules that do not conflict with it, however, the GAC and the FAA *do* conflict on this issue. The FAA is clear that an arbitration award can only be vacated where one of the four grounds articulated within it has been met. By adding another ground for vacatur – manifest disregard of the law – the GAC necessarily conflicts with the FAA and cannot be applied in this circumstance. *See Bisnoff v. King*, 154 F. Supp. 2d 630, 635 (S.D.N.Y. 2001) (applying the FAA grounds for vacatur exclusively – and not the state arbitration code – where there was diversity of citizenship, the case involved interstate commerce, and the arbitration agreement did not specify state law). Nevertheless, the Panel did not manifestly disregard the law.

regarding a "rank appeal to the length of the chancellor's foot", and argues that this is somehow evidence that the Panel disregarded Georgia law.[5]  McKinley is mistaken.  A single comment by Connors' counsel hardly qualifies as evidence in the record that the *Panel* disregarded the law.  Even if the remark was an invitation by Connors' counsel for the Panel to disregard Georgia law as McKinley contends – and it was not – there is still no evidence in the record that the Panel did so.  The single piece of "evidence" offered by McKinley is thus of no consequence and is irrelevant.  That this is the best and only evidence that McKinley could offer to show manifest disregard in the record is telling.

Instead, the award and the record show that the Panel was reasonable in agreeing with Connors that McKinley had waived its capacity argument, and was otherwise estopped from raising it, as McKinley had knowingly and voluntarily agreed to submit its dispute to arbitration by entering into a private agreement to

---

[5] Indeed, the expression concerning "appeal to the length of the chancellor's foot" is nothing more than a call for equity.  Arbitration panels are fully empowered to entertain equitable defenses and fashion equitable remedies, unless specifically restricted by the parties' agreement – the Panel was not so restricted here.  *See Terminex Int'l Co. v. Palmer Ranch Ltd. P'Ship*, 432 F.3d 1327, 1330 n. 2 (11th Cir. 2005) ("'generally, unless prohibits from doing so, arbitrators have the power to fashion equitable remedies' and . . . 'the rules of the American Arbitration Association . . . permit the arbitrator to award such relief'").  Indeed, the Arbitration Agreement specifically provides at Paragraph 9 that the Panel "shall have the power to grant any remedy or relief that they deem just and equitable".  Declaration of Daniel N. Jocelyn, dated May 4, 2011 ("Jocelyn Decl."), Ex. A ¶ 9).

arbitrate with Connors in April 2010 – again with specific knowledge of Connors' alleged corporate status.[6]

The Arbitration Agreement states, for example, that "the parties mutually desire to proceed to arbitration and to do so expeditiously" (Jocelyn Decl. Ex. A, fifth Whereas paragraph), that the "parties will arbitrate pursuant to the commercial rules of the AAA" (*Id.* ¶ 5) , and that "[a]ny determination or award made by the arbitration panel in connection with this arbitration shall be final and binding on each party and its respective successors and assigns" (*Id.* ¶ 11). Through the Arbitration Agreement, McKinley clearly and expressly indicated that it would participate in an arbitration with Connors and abide by whatever determination was made by the Panel.  What McKinley did, was enter into an agreement to arbitrate hoping that it would win and have this matter resolved in its

---

[6] The Court should not reach the merits of McKinley's capacity argument, nor the merits of Connors' arguments in response.  A motion to confirm (and a motion to vacate) is not intended to rehash the merits of the arguments already put before the arbitrators.  *See Int'l Assoc. of Machinists & Aerospace Workers, Dist. 776 v. Texas Steel Co.*, 639 F.2d 279, 283 (5th Cir. 1981) ("an arbitration award is not subject to judicial review on the merits").  Though McKinley seeks a second bite at the apple on this issue and to bog the Court down in these arguments, the fact remains that it has not yet pointed to a single piece of evidence in the record that the Panel disregarded the law and has thus not even come close to the threshold of proof required to vacate an award based on disregard of the law.  Absent such evidence, the Panel's award cannot be vacated on this ground and must thus be confirmed.

favor, all the while knowing that if Connors won, it would seek to never let

Connors collect on the judgment.[7]

The bottom line is that there is no evidence in the record whatsoever that the

Panel disregarded the law, and plenty of cause for the Panel to have agreed with

Connors over McKinley.

## III.   THE PANEL DID NOT EXCEED ITS POWERS BY DETERMINING A PREVAILING PARTY

The Panel did not exceed its power by determining that Connors is the

prevailing party and there can be no doubt that Connors is the prevailing party

here.

"[A] prevailing party for purposes of attorneys' fees is one that 'succeeds on

any significant issue in litigation which achieves some of the benefit the parties

sought in bringing suit.'" *Davis*, 59 F.3d at 1195 (citing *Hensley v. Eckerhart*, 461

---

[7] McKinley incorrectly states that Connors had knowledge of the corporate status issue when entering into the Arbitration Agreement and that this has some effect on whether McKinley waived the corporate status argument or is estopped from raising it. Although irrelevant, in fact, Connors did not have knowledge of the corporate status issue. As Cathleen Adams, an employee at Connors, testified at the hearing, she became aware of an issue related to Connors' corporate status in 2009, but thought that she had resolved it in August of that year. Thus, when the Arbitration Agreement was singed in April 2010, Connors was unaware of any alleged issue with respect to its corporate status. Whether or not Connors was aware, however, is irrelevant in any event. The point is that McKinley knew, and lured Connors into an arbitration that Connors did not have to participate in, all the while secretly never intending to abide by the judgment of that arbitration though contractually agreeing to do so.

U.S. 424, 433 (1983)).  The Panel awarded Connors $5,097,296 plus post-judgment interest.  This is clearly a benefit that Connors sought in commencing the action.  Moreover, this award was made in the face of McKinley's counterclaim that Connors owed *it* over $2 million.  Connors is clearly the prevailing party; there can be no reasonable question of this fact.  Even if the award were less than McKinley's last settlement offer as McKinley alleges – and it is not – that is irrelevant.  Again, the Supreme Court defines a prevailing party as one who achieves "some of the benefit it sought".  That McKinley thinks that it somehow "won" because the award to Connors is less than McKinley would have been willing to pay in settlement, does not change the fact that McKinley stopped paying Connors entirely, Connors took legal action, and now Connors is recovering millions from McKinley.  Connors prevailed.

## CONCLUSION

For the foregoing reasons, Connors & Co.'s cross-motion to confirm the arbitration award should be granted, and McKinley Capital Management's motion to vacation the award, denied.

Respectfully submitted this 9th day of June, 2011.

/s/Michael J. King
Michael J. King
Georgia Bar No. 421160
Greenberg Traurig, LLP
3290 Northside Parkway, Suite 400
Atlanta, GA 30327
Telephone: (404) 553-2100
Facsimile: (404) 553-2212

William F. Weld
Daniel N. Jocelyn
Monica S. Asher
bweld@mwe.com
djocelyn@mwe.com
masher@mwe.com
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Attorneys for Plaintiff*

- 13 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **CONNORS & CO.,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **Plaintiff,** | ) | **NO. 1:08-CV-2744-JOF** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **McKINLEY CAPITAL** | ) | |
| **MANAGEMENT, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed a copy of the within and foregoing PLAINTIFF CONNORS & CO.'S  MEMORANDUM OF LAW IN REPLY IN SUPPORT OF ITS CROSS-MOTION TO CONFIRM THE ARBITRATION AWARD with the Clerk of Court in the United States District Court, for the Northern District of Georgia, Atlanta Division, using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record:

Michael K. Wolensky
Ethan H. Cohen
Danielle D. Cook
Schiff Hardin LLP
One Atlantic Station, Suite 2300
1201 West Peachtree Street
Atlanta, Georgia 30309

This 9th day of June, 2011.

Respectfully submitted,

s/Michael J. King
Michael J. King
Georgia Bar No.  421160